Dennis Ray WRIGHT, Petitioner—
Appellant,

v.

Terry STEWART, Director; Attorney
General for the State of Arizona,
Respondents—Appellees.

No. 01–17101.
D.C. No. CV–00–01772–SRB.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before RYMER, KLEINFELD, and
PAEZ, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Dennis Ray Wright appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for armed robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

### I

Wright argues that his trial counsel provided ineffective assistance by not renewing his motion for judgment of acquittal on insufficiency of evidence grounds following the jury's verdict. He similarly argues that his appellate counsel provided ineffective assistance by failing to appeal the trial court's denial of his motion for judgment of acquittal. Finally, Wright contends that the state court erred when it allowed additional testimony from the victim bank teller during post-conviction proceedings on the ineffective assistance claims, and that this court must independently review the record rather than defer to the state court decision.

To prevail on a claim of ineffective assistance of counsel, Wright must show both that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In reviewing a sufficiency of the evidence claim, this court determines if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002).

■ Wright fails to establish prejudice, as he cannot show a reasonable probability that but for his counsels' failure to raise sufficiency of evidence arguments, the result of the proceedings would have been different. Because the evidence presented at trial was sufficient to support an inference that Wright positioned his hand under his jacket to simulate a gun, a reasonable juror could have concluded beyond a reasonable doubt that Wright committed the offense of armed robbery with a simulated weapon as defined by the Arizona Supreme Court. *See State v. Bousley*, 171 Ariz. 166, 168, 829 P.2d 1212 (1992).

### II

■ Wright next argues that his Sixth Amendment right to a fair and impartial jury was violated because the state trial court failed to excuse a juror who had a working relationship with the victim bank teller's mother.

On direct appeal both the Arizona trial and appellate courts made a factual finding, entitled to a presumption of correctness, that juror Geren was not actually biased. *See Tinsley v. Borg*, 895 F.2d 520, 525 (9th Cir.1990) (findings of state trial and appellate courts on juror impartiality deserve "a high measure of deference.") (internal quotation marks omitted) (citation omitted). This is not the sort of "extreme" or "extraordinary" case justifying a finding of implied bias. *See id.* at 527; *see also Dyer v. Calderon*, 151 F.3d 970, 981–84 (9th Cir.1998). Given the juror's repeated assurances of impartiality and the trial court's strict monitoring of the situation, Wright fails to show that the state court findings were inconsistent with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## III

Finally, Wright contends that his constitutional right to due process was violated when the panel that decided his direct appeal included a judge who represented Wright in a criminal matter over twenty years prior to the commission of the armed robbery and against whom Wright had filed a complaint with the State Bar. However, there is no evidence that Judge Gerber remembered the prior involvement with Wright at all, let alone that he "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This situation is quite unlike *Mayberry v. Pennsylvania,* 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971), upon which Wright relies, because there the defendant made persistent, insulting personal attacks on the judge which the Court believed should disqualify the judge from presiding over a contempt hearing based on that alleged improper conduct. Wright points out that his brief was ordered due by a certain date (pursuant to his counsel's request for an extension of time), and that his counsel was ordered to show cause why sanctions should not be imposed if the filing is late, but these were routine case management orders entered by the chief appellate judge. In addition, he argues that Judge Gerber should have recused himself on account of the appearance of bias. However, we see no indication in the record that an appearance of bias clouded the proceedings.

AFFIRMED.